**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL RICHARD NEUMAN, | No. 12-57013 |
| Petitioner - Appellant, | D.C. No. 5:11-cv-00327-DOC-DTB |
| v. | |
| ALAN M. CROGAN, Chief Probation Officer County of Riverside, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted July 8, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Petitioner Michael Richard Neuman (Neuman) appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition premised on the

prosecutor's allegedly improper use of peremptory challenges to exclude "people

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of color" from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).  We

have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act, we must defer to

the state court's determination that there was no purposeful discrimination unless

its decision was:  (1) "contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United

States," or (2) "based on an unreasonable determination of the facts in light of the

evidence presented. . . ."  28 U.S.C. § 2254(d).

The California Court of Appeal's determination that the totality of the

circumstances failed to raise an inference of discrimination was not contrary to or

an unreasonable application of clearly established federal law, and the state court

did not unreasonably determine the facts.  As the state court noted, *see People v.

Neuman*, 176 Cal. App.4th 571, 583-84 (2009), Neuman's challenge is based on a

statistical disparity in the prosecutor's use of peremptory challenges, yet Neuman

failed to provide sufficient evidence to permit a statistical comparison.  *See

Williams v. Woodford*, 384 F.3d 567, 584 (9th Cir. 2004) (explaining that a habeas

petitioner needed to "point to more facts than the number of African-Americans

struck" to establish a pattern of discriminatory strikes).  Because Neuman failed to

produce sufficient facts to raise an inference of discrimination, we need not, and do

2

not, decide whether "people of color" is a cognizable group for the purpose of a *Batson* analysis.

We also disagree with Neuman's contention that a reviewing court may not review the record to discern race-neutral reasons for peremptory challenges, regardless of whether those reasons were proffered by the prosecutor. *See, e.g., Paulino v. Castro*, 371 F.3d 1083, 1091-92 (9th Cir. 2004) ("[W]e may consider whether the record contains entirely plausible reasons, independent of race, why a prosecutor may have exercised peremptories . . .") (citation and quotation marks omitted).

**AFFIRMED**.